IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| NIGEL CINI, | CV 12-12-M-DLC-JCL |
|---|---|
| Plaintiff, | ORDER, and FINDINGS AND |
| vs. | RECOMMENDATIONS |
| ROBIN CINI-LYON, | |
| Defendant. | |

_____

Plaintiff Nigel Cini, appearing pro se in this action, filed a Motion to Proceed In Forma Pauperis. Cini submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action, **IT IS HEREBY ORDERED** that Cini's Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Cini's lodged complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

1

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal–
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Cini's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

Because Cini is proceeding pro se the Court must construe his pleading liberally, and it is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Plaintiff Nigel Cini brings this action against his former wife Robin Cini-Lyon seeking relief under 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Cini invokes the jurisdiction of this Court under 28 U.S.C. § 1343(a)(3).[1]

Cini's "petition" has its genesis in divorce proceedings between he and his former wife in the courts of Montana. The complete factual and procedural background of those state court proceedings is set forth in the opinion of the Montana Supreme Court affirming the judgment entered by the district court — they need not be repeated here. *In re Marriage of Cini*, __ P.3d __, 2011 WL 5966376 (Mont. 2011). Apparently dissatisfied with that judgment, Cini filed this action alleging his former wife with the complicity of the Montana courts deprived him of the rights secured to him by the First, Fourth and Fourteenth Amendments to the United States Constitution. For relief, Cini asks this Court to wrest

---

[1] Cini also invokes 28 U.S.C. § 1443 — the civil rights removal statute. Examination of the face of Cini's complaint establishes that this action does not fall within the narrowly circumscribed class of cases removable under § 1443(1). A petition for removal under § 1443(1) "must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal *racial* civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (emphasis added). No such assertion is advanced in Cini's pleading.

jurisdiction of all proceedings — current and prospective — relating to the divorce from the courts of the State of Montana.

This action is barred by the *Rooker-Feldman* doctrine. This doctrine, which derives its name from two United States Supreme Court Cases – *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) – "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). Restated, "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). When a case is a forbidden "de facto appeal" the district court also lacks jurisdiction over all issues which are "inextricably intertwined" with an issue resolved by the predicate decision of the state court. *Id.*, 341 F.3d at 1158. Thus, because Cini's complaint seeks to effectively overturn the judgment entered in his divorce proceedings in state court, it is the type of "de factor appeal" barred by *Rooker-Feldman*.[2]

---

[2]Cini's "petition" seems to suggest that the underlying state court proceedings may be ongoing. Even if that were the case, this Court would likewise be barred

4

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008). Here, however, based on the *Rooker-Feldman* doctrine, any amendment by Cini would be futile and, therefore, it is unnecessary to give Cini an opportunity to amend his complaint. *See Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction.

DATED this 25th day of January, 2012.

        /s/ Jeremiah C. Lynch
        Jeremiah C. Lynch
        United States Magistrate Judge

---

from interfering with those state proceedings. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). Domestic relations litigation — from marriage to divorce — has long been recognized as an area of significant state concern from which the federal judiciary should generally abastain under *Younger v. Harris*, 401 U.S. 37 (1971). *See Moore v. Sims*, 442 U.S. 415, 435 (1979).