**FILED**

MAR 09 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| NIGEL CINI, | ) | CV 12-12-M-DLC-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ROBIN CINI-LYON, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Nigel Cini has filed a Complaint under 42 U.S.C. § 1983 against his former wife Robin Cini-Lyon, alleging she violated his constitutional rights with the help of the state courts that presided over their dissolution proceedings. Plaintiff Cini's lone cause of action alleges violation of his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. As a remedy, Plaintiff requests that this Court to reverse the state court's order on division of property and assets and assume jurisdiction over all present and future

-1-

state court proceedings related to the dissolution.

Because Plaintiff Cini is proceeding in forma pauperis, United States Magistrate Judge Jeremiah C. Lynch conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. The court should give a plaintiff leave to amend before dismissing a claim unless it determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Judge Lynch issued Findings and Recommendations in which he recommends dismissal of the Complaint for lack of subject matter jurisdiction. Judge Lynch first explained that Plaintiff's claim is barred by the Rooker-Feldman doctrine because it is a de facto appeal of a state court judgment. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). To the extent the state court proceedings are ongoing, Judge Lynch continued, this Court is barred from interfering under the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), and explicitly extended to apply to state domestic relations litigation in Moore v. Sims, 442 U.S. 415, 435 (1979). Judge Lynch recommends dismissal without leave to

amend because the jurisdictional defect cannot possibly be cured by additional factual allegations.

Plaintiff Cini timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). He begins by arguing that Judge Lynch erred in treating the preliminary screening process as mandatory under 28 U.S.C. § 1915(e)(2). Plaintiff argues the statute confers no such obligation on a district court, but Plaintiff erroneously cites 18 U.S.C. § 1915, which is a provision of the United States criminal code and has no application here. The applicable law, § 1915(e)(2) of title 28, does in fact require a district court to conduct preliminary screening.

Plaintiff next takes issue with Judge Lynch's finding that this matter is not one that could be removed to federal court under 28 U.S.C. § 1443—the civil rights removal statute. Judge Lynch cites <u>California v. Sandoval</u>, 434 F.2d 635, 636 (9th Cir. 1970), for the proposition that removal under § 1443(1) is limited to rights intended to insure equal racial treatment. Plaintiff argues that a more nuanced reading of two United States Supreme Court cases, <u>Georgia v. Rachel</u>, 384 U.S. 780 (1966), and <u>Greenwood v. Peacock</u>, 384 U.S. 808 (1966), compels the conclusion that the law contains no such limitation. This argument is foreclosed by the very authority Plaintiff cites. In <u>Georgia v. Rachel</u>, the Supreme Court states:

> [W]e conclude that the phrase "any law providing for * * * equal civil rights" must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands.

384 U.S. at 792. Greenwood v. Peacock is likewise of no help to the Plaintiff, as it limits removal under § 1443(2) to federal officers and those assisting such officers in the performance of their duties. 384 U.S. at 815.

More fundamentally, it is irrelevant whether § 1443(1) or any other statute giving rise to federal question jurisdiction applies in this case. Where a complaint asks a federal district court to overturn a state court decision, the Rooker-Feldman doctrine operates to bar federal jurisdiction even if the complaint articulates a cause of action based on federal law. Noel v. Hall, 341 F.3d 1148, 1155 (9th Cir. 2003). "It is a forbidden de facto appeal under Rooker-Feldman when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Id. at 1163. That is precisely the situation here.[1]

---

[1] The Rooker-Feldman doctrine does not bar subject matter jurisdiction when the federal plaintiff alleges a legal injury caused by an adverse party rather than by the state court. Noel, 341 F.3d at 1163. Although Plaintiff Cini names his former wife as the Defendant, his Complaint does not seek redress for a legal injury caused by her. He accuses of her violating his rights with the aid of "the gross abuse of discretion and authority of the state district court." Complaint (Doc. No. 2) at 13. There are no independent allegations of legal injury caused by Defendant

-4-

Based on the foregoing, and after a de novo review, I adopt Judge Lynch's Findings and Recommendations (Doc. No. 4) in full.

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED for lack of subject matter jurisdiction.

DATED this 9th day of March, 2012.

*Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court

---

Cini-Lyon outside of her conduct as a litigant in the state court proceedings. Thus, Plaintiff's Complaint alleges only a "legal injury caused by a state court judgment because of a legal error committed by the state court." Noel, 341 F.3d at 1164. The Rooker-Feldman doctrine bars federal jurisdiction over such claims.